114

## WEKSLER, et ux v. DADE COUNTY BOARD OF PUBLIC INSTRUCTION, et al.
### No. 62-C-2099.

Circuit Court, Dade County.

October 23, 1962.

Bernard B. Weksler, Miami, for plaintiffs.

Bolles & Prunty, Miami, for defendants.

IRVING CYPEN, Circuit Judge.

This order and final decree is entered upon consideration of the motion of the defendant, the board of public instruction of Dade County, and the intervenors, Louise M. Hammond and Adale Cassell, for involuntary dismissal and final decree under Florida rule of civil procedure 1.35(b).

This cause, instituted by Bernard B. Weksler and Beverly Weksler, his wife, against the board of public instruction, was styled as a class suit. By subsequent order Hammond and Cassell were permitted to intervene as defendants.

The gravamen of the plaintiffs' complaint is that the board of public instruction has violated the statutes and constitution of Florida in permitting its facilities and personnel in the public schools of Dade County to be used for the taking of photographs of school children by private photographers.

The board of public instruction and the intervenors have maintained that this constitutes a policy decision — (1) adopted by the board in the lawful exercise of its discretion as a public agency; and (2) within the purview of the powers bestowed upon the board by the Florida legislature.

Having heard the evidence and having considered memoranda and argument of counsel, the court finds the equities to be with the defendants in this cause, and further finds —

1. The board of public instruction as a publicly constituted policymaking body is vested with a wide range of statutory discretion (e.g., Fla. Stat. §§230.22 (1) (2) (5), 230.23 (17), 230.43 (5)) over which the scope of judicial review is narrow and limited. See Broward County Rubbish Contractors Association v. Broward County, 112 So.2d 898, (Fla. App. 1959).

2. The decision of the defendant board to permit, subject to certain standards and regulations, various principals, if they so see fit, to contract for the photographing of pupils in their respective schools, was a policy determination made by the board in the lawful exercise of its discretion and within the purview of the powers bestowed upon the board by statute.

3. Any interruption of the educational curriculum occasioned by the practices complained of is so proportionately slight as to warrant invocation of the maxim, *De minimis non curat lex*. See Southside Estates Baptist Church v. Board of Trustees, 115 So.2d 697, 699 (Fla. 1959).

4. There is no specific prohibition by constitution or statute which by application to the facts of this case would interdict the policy of defendant board.

It is, therefore, considered, ordered and decreed, that this cause be and the same hereby is dismissed with prejudice at the cost of the plaintiffs.